# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Kathy L. Smoak, ) | |
| ) | Civil Action No.: 5:17-cv-01170-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of Magistrate Judge Kaymani D. West's ("Magistrate Judge") Report and Recommendation ("Report") filed on June 6, 2018 (ECF No. 20). The Report addresses Plaintiff Kathy L. Smoak's ("Plaintiff") claim for disability benefits and recommends that the court affirm the decision of the Commissioner of the Social Security Administration ("the Commissioner"). (ECF No. 20 at 23.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the Commissioner's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 20.) As brief background, Plaintiff filed an application for disability benefits on March 12, 2014, and her application was denied initially. (*Id.* at 1.) After a hearing was held on March 22, 2016, an administrative law judge ("ALJ") determined, on April 13, 2016, that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c). (*Id.*; ECF No. 6-2 at 18.) More specifically, the ALJ found that Plaintiff could "occasionally stoop and crawl," but could never "climb ladders, ropes, and scaffolds." (ECF No. 6-2 at 18.) The ALJ denied Plaintiff disability benefits on this basis because

1

Plaintiff was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 24.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on February 28, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Moody v. Chater*, No. 95-1066, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on May 4, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that all of Plaintiff's arguments were without merit because the ALJ applied the correct legal standards and regulations. (ECF No. 20 at 14, 18, 23.) Specifically, the Report noted that based upon the record as a whole, the ALJ's decision was based upon substantial evidence. (*Id.* at 19, 22.) On this basis, the Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.* at 23.)

The parties were apprised of their opportunity to file specific objections to the Report on June 6, 2018. (ECF No. 20-1 at 1.) On June 16, 2018, Plaintiff filed an Objection to the Report and argued that the vocational expert's testimony failed to show that the occupational base of medium work was not substantially eroded, the ALJ did not properly consider her gastrointestinal problems and right shoulder bursitis, and the ALJ neglected to evaluate the credibility of her subjective symptoms. (ECF No. 22 at 1-4.) Plaintiff urges the court to remand the action for further administrative proceedings. (*Id.* at 5.) On June 28, 2018, the Commissioner replied to Plaintiff's Objection. (ECF No. 24.) The Commissioner requests the court to adopt the Magistrate Judge's Report and reject Plaintiff's Objection. (*Id.* at 3.) Additionally, the Commissioner maintains that Plaintiff is merely repeating previous arguments already decided by the Magistrate Judge, and the

Objection is therefore improper for district court review. (*Id.* at 2.) Moreover, in lieu of substantively responding to Plaintiff's Objection, the Commissioner asks the court to reexamine her Memorandum in Support of the Commissioner's Decision (ECF No. 16). (*Id.*)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

3

[Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff makes three objections to the Magistrate Judge's Report. (ECF No. 22 at 1-4.) First, Plaintiff argues that the vocational expert's testimony failed to show that the occupational base of medium work was not substantially eroded. (*Id.* at 1.) Second, Plaintiff maintains that the ALJ did not properly consider her gastrointestinal problems and right shoulder bursitis. (*Id.* at 2-3.) Lastly, Plaintiff submits that the ALJ neglected to evaluate the credibility of her subjective symptoms. (*Id.* at 4-5.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 14), Plaintiff's Objection (ECF No. 22), and the Report (ECF No. 20). After examining all of the pleadings, the court concludes that Plaintiff's Objection restates arguments that were addressed by the Report.

(*Compare* ECF No. 22 at 1-4, *with* ECF No. 20 at 11-23.) Moreover, Plaintiff's Objection largely mirrors his Brief considered by the Report. (*Compare* ECF No. 24, *with* ECF No. 14.) As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Plaintiff. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses Plaintiff's Objection and is well-reasoned. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). Therefore, the Report is adopted herein.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 22) and the Magistrate Judge's Report (ECF No. 20), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 7, 2018
Columbia, South Carolina